**TRANSUE, TRUST OF, In Re**

Ohio Probate Court, Stark Co

Decided Dec 4, 1935

Day, Lynch, Pontius & Lynch, Canton, Thompson, Hine & Flory, Cleveland, and Paxton & Seasongood, Cincinnati, for exceptors.

John W. Bricker, Attorney General, Columbus, Black, McCuskey, Ruff & Souers, Canton, and Day & Day, Cleveland, for S. H. Squire, Supt. of Banks.

## OPINION

By McCALL, J.

"The judicial power of the State is vested in a Supreme Court, Courts of Appeals, Courts of Common Pleas, Courts of Probate, and such other courts inferior to the Courts of Appeals as may from time to time be established by law."

Sec. I, Art. IV, Constitution of Ohio (1923).

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law."

Sec. 8, Art. IV, Constitution of Ohio (1923).

"Except as hereinafter provided, the Probate Court shall have jurisdiction: * * *

4. To appoint and remove guardians and testamentary trustees, direct and control their conduct ,and settle their accounts. * * *

13. To direct and control the conduct of fiduciaries and settle their accounts.

Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.

The Probate Court shall have plenary power in law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."—§10501-53 GC.

"Probate Courts have full power to fully and finally adjudicate all questions arising in matters properly before them."

Wilbering v Miller, 90 Oh St 28-46.

Formerly trust companies could not act as executors, administrators, assignees, guardians, receivers or trustees, but they are now authorized so to do by §710-160 GC.

"If a sole fiduciary dies, is dissolved, declines to accept, resigns, is removed, or becomes incapacitated, or otherwise unable to act, prior to the termination of the trust, the Probate Court shall require a final account of all dealings of such trust to be filed forthwith by such fiduciary if a living person and able to act; or, if such fiduciary be a living person but unable to act, by his guardian, if any, or, if there be no guardian, by some other suitable person in his behalf, appointed or approved by the court; or, if such fiduciary be a deceased person, by his executor or administrator; or, if such fiduciary be a dissolved corporation, by such person or persons as may be charged by law with winding up the affairs of such corporation. Thereupon the Probate Court shall cause such proceedings to be had as are provided by law as to other accounts filed by fiduciaries.

Whenever such a vacancy occurs and such contingency is not otherwise provided for by law, or by the instrument creating the trust, or whenever such instrument names no fiduciary whatever, the court shall, either on its own motion, or on the application of any person beneficially interested appoint and issue letters of appointment as fiduciary to some competent person or persons, who shall qualify according to law, and execute the trust to its proper termination. Such vacancy, and the appointment of a successor fiduciary, shall not affect the liability of the former fiduciary, or his sureties, previously incurred."—§10506-55 GC.

"The term fiduciary includes trustee."—§10504-1 GC.

"Every fiduciary, before entering upon the execution of his trust, shall receive letters of appointment from a Probate Court having jurisdiction of the subject matter of the trust."—§10504-2 GC.

In the case of Fidelity & Deposit Co. v Wolfe, 100 Oh St, page 332, Wanamaker, J., at page 335, in discussing §§7 and 8, Art. IV, Constitution of Ohio, and §10591 GC, said: "The words 'testamentary matters' are without limitation. They are as broad and comprehensive as is possible in all trust estates created by will." * * * "The safeguarding of the fund, not only by constitutional grant of power, but by statutory provision, is left wholly in the discretion of the Probate Court, and its jurisdiction in this behalf is as comprehensive as any jurisdiction conferred on a Court of Common Pleas in suits at law or in chancery."

Sec 10506-39 GC gives the Probate Court authority to hear and determine all matters relative to the manner in which the fiduciary has executed his trust and as to the correctness of his accounts, and also the right to compel the rendering of a final

account at the termination of said trust, and the right to hear and determine all matters relating thereto.

The next section of the Probate Code gives such finding the same force and effect as a judgment at law or a decree in equity, and shall be final as to all persons having notice with certain exceptions.

From the above it will be noted that Probate Courts in Ohio have been given jurisdiction by the Constitution of the State over probate and testamentary matters, and such other jurisdiction as may be provided by law.

They have been given jurisdiction by the Legislature to appoint and remove testamentary trustees, direct and control their conduct and settle their accounts, and such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.

The only other provisions provided by law that I know of are §§10506-55 and 10506-39 GC.

The first section provides that if a fiduciary is dissolved prior to the termination of the trust, the Probate Court shall require a final account of all dealings of such trust to be filed forthwith by such fiduciary and, if such fiduciary be a dissolved corporation, by such person as may be charged by law with winding up the affairs of such corporation. Thereupon the Probate Court shall cause such proceedings to be had as are provided by law as to accounts filed by fiduciaries.

The question arises as to what is meant by such proceedings.

The exceptors claim the Probate Court has jurisdiction to hear the exceptions to said accounts and make a finding of the balance due, if any, from the former trustee to the successor trustee. The Superintendent of Banks, as liquidator of the former trustee, claims that it was the liquidator's duty to file its final account, terminating their relation as fiduciary, that the successor trustee had then the right to file exceptions, and that then the jurisdiction of the Probate Court ceased to settle said account, and that the jurisdiction to settle said account was transferred to the Common Pleas Court of the county where the former trustee had its principal place of business, to-wit: Cuyahoga County, Ohio.

The Probate Court has plenary power at law or in equity to fully dispose of any matter properly before it unless such power is expressly otherwise limited or denied by statute.

It is claimed by the Superintendent of

Banks, as liquidator, that the Banking Code, by implication, takes the jurisdiction to settle said account out of the Probate Court, and places it in the Common Pleas Court of the county of the place of business of the former trustee. If that be true, it should be expressed in the Banking Code. No such section of the code has been pointed out to the court, and the court is unable to find such a section.

The Superintendent of Banks, on the day he took over the former trustee bank for liquidation, filed an application in the Common Pleas Court of Cuyahoga County, Ohio, which court, among other things, ordered and authorized said liquidator to disburse the moneys and funds to the parties entitled thereto, which had or would come into his possession, as such Superintendent of Banks, since taking possession of said Bank; to convey and/or join in the conveyance of real and personal property by said company held in trust, or other fiduciary capacity, in accordance with the terms and conditions of said trust; to control, manage, rent, lease, and keep in proper condition all real estate held in trust; to transfer and deliver all books, papers, etc.; to segregate all trust estates and perform all trust functions and duties, as evidenced by indentures, wills and other documents, and under any and all provisions of the law governing any of such fiduciary capacities, until the fiduciary relations created thereunder shall be legally terminated.

Clearly, the legal relations of the first trustee could not be legally terminated until it had filed its final account in the Probate Court, and the same had been settled.

Very exhaustive briefs have been filed by learned counsel, which have been most helpful to the court, and while this question has never been decided by any court in Ohio to the knowledge of learned counsel, or so far as the court has been able to ascertain, the court, for the reasons above stated, finds that the Probate Court has full and complete jurisdiction to hear and determine all probate and testamentary matters, and that the Banking Code no where expressly limits or denies the Probate Court that jurisdiction. Such denial of jurisdiction must be expressed and cannot be by implication.

For the above reasons, the exceptions to the Master Commissioner's report, as to exception number three, will be sustained, and continued as to the other two exceptions for further hearing.

Counsel for exceptors will draw journal

entry, and have the same approved by counsel for the Superintendent of Banks of the State of Ohio.

Exceptions will be allowed to the Superintendent of Banks.